IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

FOWLER & HAMMER, INC.,

                      Plaintiff,                                    OPINION AND ORDER

    v.

                                                                         22-cv-89-slc

RELYANT GLOBAL, LLC,

                      Defendant.
_____

In this removal action, plaintiff Fowler & Hammer, Inc. (F&H) alleges that defendant Relyant Global, LLC breached the parties' subcontract related to the construction of a shipping and receiving building at Fort McCoy, Wisconsin. Citing mandatory dispute resolution provisions in the subcontract, Relyant has moved to dismiss this action under Fed. R. Civ. P. 12(b)(6) for F&H's failure to follow the dispute resolution procedures set forth in the subcontract. Dkt. 17. In the alternative, Relyant asks the court to stay this action and compel F&H to arbitrate pursuant to the Federal Arbitration Act (FAA), 9 U.S.C. § 1, and the parties' agreement. For the reasons below, I am denying Relyant's motion to dismiss and denying without prejudice Relyant's alternative motion to stay this case and compel arbitration. Although Relyant has shown that the parties had a written arbitration agreement that applies to the instant dispute, this court does not have the authority to compel arbitration in the forum selected by the parties (Tennessee). If Relyant wishes to pursue arbitration, it may file a motion to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3) or bring an action under Section 4 of the FAA in a district court in Tennessee, which would have the authority to compel arbitration of F&H's claims.

In deciding a motion to dismiss, the court accepts all well-pled factual allegations in the complaint as true, *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014), and views

them in the light most favorable to the non-movant, *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010). F&H alleges the following facts in its amended complaint (dkt. 11):

ALLEGED FACTS

Plaintiff F&H is a Wisconsin Corporation with its principal place of business in La Crosse, Wisconsin. Defendant Relyant is a Tennessee limited liability company with its principal place of business in Maryville, Tennessee.[1] On May 10, 2019, the parties entered into a subcontract agreement under which Relyant hired F&H to design and build a shipping and receiving building at Fort McCoy, Wisconsin for the contract price of $952,730.00, which was subsequently increased to $2,060,681.33 by change orders and other agreements between the parties.

The subcontract contains a section entitled "Choice of Law and Disputes," which provides in relevant part:

> The Parties acknowledge that there are a number of informal dispute resolution procedures (such as arbitration, mediation, and informal conferences) which will be used in an effort to resolve any controversy, dispute or claim arising out of this Agreement, or the alleged breach thereof. The Parties agree that the aforementioned procedures will be utilized prior to proceeding in a judicial forum. Should any such controversy, dispute or claim arise, the Parties shall first attempt to resolve it following the steps outlined below.
>
> **Conference**: The Parties shall schedule a conference with the Parties' representatives who executed this agreement, or any other representatives the Parties' designate in their stead. This conference shall take place within 14 days from the time a substantiated claim has been submitted. The conference shall take

---

[1] Relyant states in its notice of removal that there is a diversity of citizenship between the parties because F&H is a citizen of Wisconsin and all of Relyant's members are citizens of Tennessee.

    place either in person or telephonically to discuss and determine if a resolution can be reached.

    **Executive Discussions**: If the first step is unsuccessful and a resolution has not been reached within 10 days of the conference, the Parties shall move to the next step and hold executive discussions. A conference shall be scheduled within fourteen (14) days of the executive discussion request either in person or telephonically with senior executives from each company to discuss and determine if a resolution can be reached.

    **Mediation**: If the claim is not resolved via the executive conference within 10 days, the claim then moves to non-binding mediation. The mediation will be conducted by a mutually agreeable impartial mediator and will be governed by and conducted pursuant to the procedures established by the mediator. . . . Dependent on the mediator's schedule, the mediation will commence within thirty (30) days of the submission of the claim to mediation.

    **Arbitration**: If the claim is not resolved within 10 days of mediation, the claim will then move to arbitration. The decision of the arbitrator(s) shall be final and binding on both Prime Contractor and Subcontractor. For all Claims to Prime Contractor initiated by Subcontractor, Subcontractor must submit its demand for arbitration no later than twelve (12) months after the mediation unless such deadline extension is otherwise agreed to in writing by the Parties.

    Each of the steps set forth above is a condition precedent to taking the next step (i.e., a party may not proceed to executive discussion until the step one conference has been completed, may not proceed to mediation until executive discussion has been completed.)

    Dkt. 11-1 at 7-8.

The subcontract also contains a waiver provision that provides that "[n]o asserted waiver of any right or benefit by Relyant shall be valid unless such waiver is in writing, signed by Relyant, supported by consideration and specifies the extent and nature of the rights or benefits being waived." *Id.* at 9.

F&H alleges that Relyant failed to pay the full contract price for F&H's services and owes F&H $249,116.48. The parties participated in the first two steps of the dispute resolution process. However, Relyant failed to respond to F&H's May 25, 2021 demand to schedule mediation. On October 5, 2021, F&H's attorney sent another written demand to schedule mediation, stating that if "Relyant continues to refuse mediation, we will consider the choice of forum and dispute resolution provisions of the subcontract to be null and void and proceed accordingly." Dkt. 11-2.

Relyant did not respond to the second demand. After waiting nearly four months for a response, F&H considered the ADR process waived and filed suit in Monroe County Circuit Court on January 28, 2022. Relyant removed the case to this court on February 18, 2022.

OPINION

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the complaint's legal sufficiency. A complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.*

Relyant's motion to dismiss rests on the multi-step dispute resolution provision in the subcontract: it argues that F&H failed to comply with the mandatory contractual pre-suit dispute resolution procedure of mediation prior to bringing this action and has not pursued its

claims through binding arbitration as required by the parties' subcontract.[2] *See Franke v. Yates*, 2019 WL 4856002, at *5 (D. Haw. Oct. 1, 2019) (collecting cases) ("The consensus among district courts is that '[f]ailure to mediate a dispute pursuant to a contract that makes mediation a condition precedent to filing a lawsuit warrants dismissal' under Rule 12(b)(6)."). However, F&H alleges that Relyant waived the entire alternative dispute resolution process, including mediation and arbitration, by failing to respond to F&H's two requests for mediation.

F&H correctly points out that under Wisconsin law, waiver has been defined as the voluntary and intentional relinquishment of a known right, *Bank of un Prairie v. Opstein*, 86 Wis. 2d 669, 681, 237 N.W.2d 279, 284 (1979), for which no consideration is necessary, *Perlick v. Country Mut. Cas. Co.*, 274 Wis. 558, 565, 80 N.W.2d 921, 925 (1957); *Will of Rice: Cowie v. Trohrneyer*, 150 Wis. 401, 468, 136 N.W. 956 (1912). The intent to waive can be inferred from the conduct of the party against whom the waiver is claimed, *Hanz Trucking. Inc. v. Harris Bros. Co. Crestline Division*, 29 Wis. 2d 254, 265, 138 N.W.2d 238, 244 (1965). Further, unreasonable delay in taking or not taking action may be taken into account when determining whether there has been conduct amounting to a waiver. *Thompson v. Village of Hales Corners*, 115 Wis. 2d 289, 319, 340 N.W.2d 704, 718 (1983); *Somers v. Germania National Bank*, 152 Wis. 210, 138 N.W. 713, 717 (1913).

---

[2] When deciding whether the parties agreed to mediate or arbitrate an issue, federal courts apply state-law principles of contract formation. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). Although courts typically respect the law chosen in the agreement, the agreement in this case states in the "Choice of Law and Disputes" section that Tennessee law applies, dkt. 11-1 at 7, but then states on the next page under the heading "Compliance with Laws," that Wisconsin law applies, *id.* at 8. In their briefing, neither side cites any Tennessee law; instead, the parties reference federal, Wisconsin, and other states' law. I have followed the parties' lead and considered the law that they have cited. *See Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 809 (7th Cir. 2011) (finding same in interpreting arbitration agreement).

5

In response, Relyant contends that its inaction is insufficient to establish waiver under the terms of the subcontract, which contains a no-waiver clause requiring that all waivers be in writing. However, even though no-waiver clauses are enforceable in Wisconsin, a party may prove the waiver of a no-waiver clause by clear and convincing evidence. *Wisconsin Elec. Power Co. v. Union Pac. R. Co.*, 557 F.3d 504, 509 (7th Cir. 2009) (quoting *Chicago College of Osteopathic Medicine v. George A. Fuller Co.*, 776 F.2d 198, 202 (7th Cir. 1985); *Roboserve, Inc. v. Kato Kagaku Co., Ltd.,* 78 F.3d 266, 277-78 (7th Cir. 1996)).³ Therefore, at this early stage, F&H's claim that it attempted to comply with the mediation requirement but that Relyant waived this step by refusing to respond to F&H's letters is facially plausible, even in the face of a no-waiver clause.

But F&H's assertion of waiver only gets it so far. F&H contends that Relyant's silence regarding mediation also constitutes waiver of the entire alternative dispute resolution process. I disagree. The circumstances presented here do not support a finding that Relyant engaged in conduct inconsistent with its right to arbitrate. *See Hobon v. Pizza Hut of S. Wisconsin, Inc.*, No. 17-cv-947-slc, 2018 WL 4781147, at *2 (W.D. Wis. Oct. 3, 2018) (finding same).

Federal courts of appeals, including the Seventh Circuit, usually apply federal law when deciding whether a party has waived its right to arbitrate. *See Morgan v. Sundance, Inc.*, __ S. Ct. __, 2022 WL 1611788, at *3 (U.S. May 23, 2022) (noting this fact and "assum[ing] without deciding [federal courts] are right to do so"); *St. Mary's Med. Ctr. of Evansville, Inc. v. Disco Aluminum Prod. Co.*, 969 F.2d 585, 590 (7th Cir. 1992) (applying federal law to waiver question).

---

³ The Seventh Circuit threw in an off-handed caveat: "Granted, the cases that we have cited are not Wisconsin cases; the only case that we can find from Wisconsin is an unpublished, nonprecedential intermediate appellate opinion, *121 Langdon Street Group v. Heiligman*, 2005 WL 613493 (Wis. App. Mar.17, 2005), which, however, for what it is worth, rules that no-waiver clauses are enforceable and does not suggest any limitations on their enforceability." *Wisconsin Elec. Power*, 557 F.3d at 509.

However, the federal definition of waiver is similar to Wisconsin: waiver is the intentional relinquishment or abandonment of a known right. *Morgan*, 2022 WL 1611788, at *4-5 (instructing court of appeals to determine on remand whether employer "knowingly relinquish[ed] the right to arbitrate by acting inconsistently with that right"). The Seventh Circuit has held that waiver can be either explicit or inferred from a party's actions. *Kawasaki Heavy Indus., Ltd. v. Bombardier Recreational Prod., Inc.*, 660 F.3d 988, 994 (7th Cir. 2011) (citing *St. Mary's*, 969 F.2d at 587). Here, F&H does not allege that Relyant explicitly waived its right to arbitrate, so the question is whether a waiver of its right to arbitrate can be inferred from Relyant's actions, or in this case, Relyant's inaction.

"For waiver of the right to arbitrate to be inferred, we must determine that, considering the totality of the circumstances, a party acted inconsistently with the right to arbitrate." *Kawasaki*, 660 F.3d at 994 (citing *Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 726 (7th Cir. 2004)). Several discretionary factors are considered in the waiver analysis, including the diligence of the party seeking arbitration; whether the allegedly defaulting party participated in litigation, substantially delayed its request for arbitration, or participated in discovery; and whether the non-waiving party was prejudiced by its reliance on the litigious behavior of the waiving party.[4] *Id.*; *Cabinetree of Wis., Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 391 (7th Cir. 1995); *St. Mary's*, 969 F.2d at 589-91. *See also Royce v. Michael R. Needle P.C.*, 950 F.3d 939, 950 (7th Cir. 2020) (diligence should weigh heavily in the analysis).

---

[4] Although the Seventh Circuit has never required a showing of prejudice to find waiver, *St. Mary's*, 969 F.2d at 590, many circuits have. The Supreme Court recently resolved this split in circuit law, holding that "prejudice is not a condition of finding that a party, by litigating too long, waived its right to stay litigation or compel arbitration under the FAA" and the FAA's "policy favoring arbitration" does not authorize federal courts to create "arbitration-specific procedural rules." *Morgan*, 2022 WL 1611788, at *4.

7

Although Relyant did not respond to F&H's demands for mediation, neither did it expressly refuse to arbitrate. F&H stated that it would construe Relyant's silence as to mediation as a waiver of arbitration but F&H never demanded arbitration, instead choosing to bypass that step altogether and to file suit in state court. After removing this case to federal court, Relyant promptly moved to compel arbitration as an alternative to complete dismissal. Relyant did not participate in litigation or otherwise lead F&H to believe that it was choosing litigation over arbitration. *See Hobon*, 2018 WL 4781147, at *2 (noting same).

Recognizing that dismissal may not be the proper outcome in the face of a valid arbitration clause, Relyant argues in the alternative that the court should stay this case and compel the parties to participate in binding arbitration of all their claims. The Federal Arbitration Act ("FAA") provides that "[a] written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Under the FAA, federal courts must stay the trial of the action and compel arbitration if any issues are "referable to arbitration under an agreement in writing for such arbitration," so long as the court is "satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement," and "the applicant for the stay is not in default in proceeding with such arbitration." 9 U.S.C. § 3; *see also* § 4 ("The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.").

8

To succeed on its motion to compel arbitration, Relyant must show: (1) a valid, written agreement to arbitrate exists; (2) the instant dispute falls within the scope of that agreement; and (3) F&H has refused to proceed to arbitration in accordance with the arbitration agreement. *Zurich Am. Ins. Co. v. Watts Indus.*, 466 F.3d 577, 580 (7th Cir. 2006).  It is clear from the allegations in the complaint and the parties' submissions that Relyant has made all three showings.  As for showings (1) and (2), F&H does not argue that the arbitration clause is invalid or that it fails to cover its underlying claims, and it does not .  As for showing (3), F&H attributes its refusal to proceed with arbitration to Relyant's conduct, but this does not change the fact that F&H did not proceed with arbitration in accordance with the parties' arbitration agreement.

Accordingly, I conclude that arbitration is the appropriate next step in this case.  But this leads to a bump in the road: under § 4 of the FAA, a district court cannot compel arbitration outside the confines of its district. *Kawasaki*, 660 F.3d at 997; *Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 808 (7th Cir. 2011) (citing *Haber v. Biomet, Inc.*, 578 F.3d 553, 558 (7th Cir. 2009)).  Although "a § 3 order to stay pending arbitration has no such requirement," a court granting a § 3 stay "retains jurisdiction over a matter so that it can effectuate the decision of an arbitrator or handle additional matters or claims that were not subject to arbitration." *Kawasaki*, 660 F.3d at 997.

As noted above, the parties' agreement states in one section that it shall be construed and interpreted in accordance with Tennessee law, and in another section that it shall be construed and interpreted in accordance with Wisconsin law.  Dkt. 11-1 at 7-8.  Although I have followed the parties' lead and interpreted the agreement's dispute resolution provisions under Wisconsin

9

law, the subcontract's dispute provision also contains a forum selection clause which states that the "subcontractor (F&H) consents to the jurisdiction of any local, state, or federal court" located in Tennessee. *Id.* at 7.

Neither party addressed this issue, but it seems that *this* court does not have the authority to compel arbitration under § 4. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Lauer,* 49 F.3d 323, 327 (7th Cir. 1995)("[W]here the arbitration agreement contains a forum selection clause, only the district court in that forum can issue a § 4 order compelling arbitration."); *Scan Top Enter. Co., Ltd. v. Winplus N. Am., Inc.*, 2015 WL 4945240, at *2 (N.D. Ill. Aug. 19, 2015); *EZLinks Golf, Inc. v. Brown*, 2013 WL 1285651, at *2 (N.D. Ill. Mar. 27, 2013); *Smith v. ERJ Dining, LLC*, 2012 WL 447618, at *2 (N.D. Ill. Feb. 10, 2012) ("Because the parties agreed to arbitrate in Texas, this Court lacks the authority to compel arbitration."). In this situation, the Seventh Circuit has held that a Rule 12(b)(3) motion to dismiss for improper venue, rather than a motion to stay or to compel arbitration, is the proper procedure to use when the arbitration clause requires arbitration outside the confines of the district court's district. *Faulkenberg*, 637 F.3d at 808 (citing *Cont'l Ins. Co. v. M/V Orsula*, 354 F.3d 603, 606-07 (7th Cir. 2003)). Relyant has not filed a motion to dismiss for improper venue, but "[w]ithout a valid contract modification, the Court must look to the original contract to determine the forum of the arbitration." *Smith*, 2012 WL 447618, at *3. Accordingly, Relyant's alternative motion to stay litigation and compel arbitration will be denied without prejudice. *See id.* (holding same).

If Relyant wishes to pursue enforcement of the arbitration agreement, then the proper procedure is to move to dismiss for improper venue pursuant to Rule 12(b)(3). *Id.*; *Scan Top*, 2015 WL 4945240, at *2; *EZLinks*, 2013 WL 1285651, at *2. Alternatively, Relyant may bring

10

an action under § 4 of the FAA in a federal district court in Tennessee—a court that would have the authority to compel arbitration of F&H's claims. *See id.*; 9 U.S.C. § 4. If Relyant decides to take that route, then it may file a motion asking this court to stay this case pending resolution of the arbitration issue in Tennessee. *Id.*

ORDER

It is ORDERED that defendant Relyant Global, LLC's motion to dismiss this case under Fed. R. Civ. P. 12(b)(6) is DENIED. Defendant's alternative motion to stay this case and compel arbitration is DENIED WITHOUT PREJUDICE to seeking the alternative means of enforcing the arbitration agreement outlined in this opinion.

Entered this 16th day of June, 2022.

BY THE COURT:

/s/
_____
STEPHEN L. CROCKER
Magistrate Judge