IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

FOWLER & HAMMER, INC.,

        Plaintiff,         OPINION AND ORDER

  v.

                       22-cv-89-slc

RELYANT GLOBAL, LLC,

        Defendant.

---

On July 8, 2022, the clerk of court granted plaintiff Fowler & Hammer, Inc. (F&H)'s motion for entry of default as to defendant Relyant Global, LLC pursuant to Fed. R. Civ. P. 55(a), because Relyant failed to file an answer within 14 days of this court's denial of Relyant's motion to dismiss, as required under Rule 12(a)(4)(A).  Dkt. 27.  Now before the court are F&H's motion for default judgment, dkt. 28; Relyant's motion to set aside the clerk's entry of default, dkt. 32; Relyant's motion to dismiss for improper venue, dkt. 30; and F&H's motion to strike the motion to dismiss, dkt. 36.

For the reasons below, I am granting Relyant's motions to set aside the default and dismiss this case for improper venue and denying F&H's motion for default judgment and motion to strike the venue motion.  The default hearing scheduled for September 7, 2022 will be struck as unnecessary.

## BACKGROUND

In an order entered on June 16, 2022, I denied Relyant's motion to dismiss this action under Fed. R. Civ. P. 12(b)(6) for F&H's failure to follow the dispute resolution procedures set forth in the subcontract and denied without prejudice Relyant's alternative motion to stay this action and compel F&H to arbitrate pursuant to the parties' agreement.  Dkt. 24.  Although I

determined that the parties had a written arbitration agreement that applies to the instant dispute, I found that this court does not have the authority to compel arbitration in the forum selected by the parties (Tennessee).  I advised Relyant that if it wished to pursue arbitration, it could file a motion to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3) or bring an action under Section 4 of the FAA in a district court in Tennessee, which would have the authority to compel arbitration of F&H's claims.  The court did not set any deadline by which Relyant was required to take action.

Rule 12(a)(4) provides that a defendant has 14 days from the denial of a motion to dismiss to file a responsive pleading, unless the court sets a different deadline.  F&H filed its motion for entry of default on July 6, 2022, or 21 days after the court entered its order denying Relyant's motion to dismiss.  On July 12, 2022, Relyant filed a motion to set aside the entry of default and, in lieu of an answer, a motion to dismiss for improper venue.

## OPINION

### I.  Default

Relyant argues that it had good cause for its failure to answer within the time allowed under Rule 12 because it reasonably understood from the court's order that it was not necessary to answer the amended complaint in light of the court's determination that F&H's claims—and presumably any counterclaims of Relyant—must be pursued through arbitration.

Under Fed. R. Civ. P. 55(c), the court may set aside an entry of default if the moving party shows:  (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint.  *Sun v. Bd. of Trustees of Univ. of Ill.*, 473 F.3d 799, 809-10 (7th Cir.

2007) (citing *Pretzel & Stouffer, Chartered v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994)).  The Seventh Circuit generally favors trial on the merits over default judgments and has described the standard for applying Rule 55(c) as lenient.  *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009); *Michiana Dairy Processors LLC v. All Star Beverage, Inc.*, 263 F.R.D. 514, 516 (N.D. Ind. 2009).

Relyant has shown good cause for the lateness of its responsive pleading.  According to defense counsel, Relyant needed time to consider whether to proceed with a motion to dismiss for improper venue in this case or file a new civil action in federal court in Tennessee to compel F&H to arbitrate.  It did not ignore the pending litigation or any court-established deadlines.  Rather, it inadvertently failed to respond to the amended complaint within 14 days of the court denying its initial motion to dismiss.  *See Cracco*, 559 F.3d at 631 (finding similarly).  Although Relyant should have taken measures to ensure that it filed its second motion to dismiss in a timely manner, or moved to extend its time for doing so under Fed. R. Civ. P. 6(b)(1)(B),[1] there is no evidence that it acted willfully.  *See id*. (finding lack of willfulness relevant to good cause analysis).  Relyant also acted quickly to have the default order set aside, filing its motions to set aside the default and dismiss the case for improper venue within four days of the clerk's entry of default.  *See id.* (finding defendant "acted in a timely fashion to have the default order set aside" where it filed its motion eight days after court entered order of default).  Finally, as discussed in the court's previous order, Relyant has shown that it has a meritorious defense to the complaint due to the binding arbitration agreement in the parties' subcontract.

---

[1] As F&H points out, Rule 6(b)(1)(B) (emphasis added) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . *on motion* made after the time has expired if the party failed to act because of excusable neglect."

3

In sum, I find that the purpose and intent of Rule 55(c) has been fulfilled and that entry of default judgment under these circumstances would be an excessive sanction for defendant's earlier inaction. Therefore, I am granting Relyant's motion and setting aside the entry of default. I am denying F&H's motion for default judgment.

## II. Venue

The Court of Appeals for the Seventh Circuit has held that "[a] court may dismiss for improper venue based on either a forum-selection clause or an arbitration provision; both are properly asserted as objections to venue." *See Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 804 (7th Cir. 2011) (Reasoning that "[t]he Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 et seq., strongly favors arbitration when the parties have agreed to it, as they clearly did here."); *Johnson v. Orkin, LLC*, 556 F. App'x 543, 544 (7th Cir. 2014) ("An arbitration clause is simply a type of forum-selection clause . . . and a motion seeking dismissal based on an agreement to arbitrate therefore should be decided under Rule 12(b)(3).").[2] When venue is improper, the court "shall dismiss [the case], or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). As the party

---

[2] A district court in this circuit has questioned the continued validity of *Faulkenberg* given the Supreme Court's decision in *Atlantic Marine Construction Co. v. United States District Court for the Western District of Texas*, 571 U.S. 49, 55 (2013) *See Lukis v. Whitepages Inc.*, 549 F. Supp. 3d 798, 806-07 (N.D. Ill. 2021) (stating in dicta that "*Atlantic Marine* thus casts substantial doubt on decisions, like *Faulkenberg*, that are premised on the notion that arbitration and forum selection clauses affect the propriety of venue and thus fall within the writ of Rule 12(b)(3) and 28 U.S.C. § 1406(a)"). Neither party in the instant case has questioned whether Rule 12(b)(3) is the appropriate vehicle to seek dismissal of claims subject to binding arbitration in a different forum: F&H's sole challenge to Relyant's motion to dismiss is waiver. More to the point, the Seventh Circuit has not questioned its own holding in *Faulkenberg*, which remains binding precedent on this court. *See, e.g., Burke v. Amedisys*, ___ F. Supp.3d ___, 2022 WL 3226797 at *13 (N.D. Ill., Aug. 10, 2022) (collecting cases in the context of an FCA lawsuit to conclude that "when it comes to updating Seventh Circuit case law, the Seventh Circuit is in the driver's seat.").

bringing suit, F&H has the burden of establishing that venue is proper in this district. *Int'l Travelers Cheque Co. v. BankAmerica Corp.*, 660 F.2d 215, 222 (7th Cir. 1981); *Harlem Ambassadors Prods., Inc. v. ULTD Ent. LLC*, 281 F. Supp. 3d 689, 696 (N.D. Ill. 2017).

Relyant seeks dismissal of this case, arguing that transfer is not an appropriate remedy because the parties' arbitration clause renders venue improper in *any* federal district. F&H has not argued that venue is proper in this district (or any other district) and has not weighed in on the appropriateness of dismissal versus transfer. Instead, it has moved to strike Relyant's motion to dismiss on the ground that Relyant waived the opportunity to bring a motion to dismiss pursuant to Rule 12(b)(3) because it failed to include it with its previous motion to dismiss for failure to state a claim.[3]

Rule 12(g)(2) provides that "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Rule 12(h) further provides that a party waives a Rule 12(b)(3) defense by omitting it from a motion under the circumstances described in Rule 12(g)(2).

However, as Relyant points out, its motion to dismiss for improper venue presents the same argument raised in its initial motion to dismiss. In lieu of recharacterizing Relyant's Rule 12(b)(6) motion as a Rule 12(b)(3) motion without Relyant's input—as this court could have

---

[3] In its reply brief in support of its motion to strike the Rule 12(b)(3) motion, F&H argues for the first time that Tennessee is not the *exclusive* venue of any dispute between the parties because the subcontract states only that F&H *consents* to the jurisdiction of Tennessee courts. F&H has waived its argument by failing to support it with any legal authority and by raising it for the first time in a reply brief. *See White v. United States*, 8 F.4th 547, 552 (7th Cir. 2021) (Arguments raised for first time in reply brief and "perfunctory and undeveloped arguments, as well as arguments that are unsupported by pertinent authority, are waived."). In any event, the court does not find F&H's argument persuasive. Although the language of the subcontract's forum-selection clause does not use the word "exclusive" it makes clear that F&H "waives any objection it may have based on improper venue or forum non-convenient to the conduct of any proceeding in any such court." Dkt. 11-1 at 7.

done, *see e.g.*, *Bahoor v. Varonis Sys., Inc.*, 152 F. Supp. 3d 1091, 1102 (N.D. Ill. 2015)—this court sought further input from the parties by inviting Relyant to file a motion to dismiss for improper venue or to bring an action under Section 4 of the FAA in a district court in Tennessee.  For all practical purposes, this had the effect of freezing the record until the parties responded.  Under these circumstances, Relyant has not run afoul of Rule 12(g) or 12(h):  it did not intentionally delay litigation by presenting defenses sequentially or in a scattershot manner.  *See Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012) ("The policy behind Rule 12(g) is to prevent piecemeal litigation in which a defendant moves to dismiss on one ground, loses, then files a second motion on another ground.").  Relyant's motion to dismiss for improper venue is a court-sanctioned supplement to its original motion that warrants relief from the operation of Rules 12(g)(2) and 12(h)(1).  To the extent that the waiver provision in Rule 12(h)(1) must be rigidly applied in this case, the court will retroactively convert Relyant's original motion to dismiss and motion to compel arbitration to a motion to dismiss for improper venue, which as just noted, it could have done explicitly at the time, but instead did implicitly.

Accordingly, Relyant's motion to dismiss for improper venue will be granted, and this case will be dismissed without prejudice.  *See Johnson v. W. & S. Life Ins. Co.*, 598 F. App'x 454, 456 (7th Cir. 2015) ("[D]ismissal for improper venue is without prejudice because it is not an adjudication on the merits."); Fed. R. Civ. P. 41(b).

ORDER

It is ORDERED that:

(1)     Defendant Relyant Global, LLC's motion to set aside the clerk of court's entry of default, dkt. 32, is GRANTED, and plaintiff Fowler & Hammer, Inc.'s motion to enter default judgment, dkt. 28, is DENIED.  The July 8, 2022 entry of default is SET ASIDE pursuant to Fed. R. of Civ. P. 55(c).

(2)     Defendant's motion to dismiss for improper venue, dkt. 30, is GRANTED, and plaintiff's motion to strike defendant's motion to dismiss, dkt. 36, is DENIED.  This case is DISMISSED without prejudice.

Entered this 22nd day of August 2022.

BY THE COURT:

/s/
_____

STEPHEN L. CROCKER
Magistrate Judge